```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO 11-20518-CIV-LENARD
                        MAGISTRATE JUDGE P.A. WHITE
```

WAYMON BISHOP,                  :

    Plaintiff,              :         <u>REPORT OF</u>
                                 <u>MAGISTRATE JUDGE</u>

v.                              :

DEPARTMENT OF JUSTICE,          :

    Defendants.             :
_____

## I. <u>Introduction</u>

The plaintiff, Waymon Bishop, filed a <u>pro-se</u> civil rights complaint pursuant to 42 U.S.C. §1983 while confined in the Miami Dade County Jail.

This Cause is before the Court upon a preliminary screening of the initial complaint pursuant to 28 U.S.C. §1915 (DE#1). The plaintiff is proceeding <u>in forma pauperis</u>.

## II.  <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>     \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>     \*   \*   \*
>
> (B) the action or appeal –

>                    *   *   *
> 
> (i)  is frivolous or malicious;
> 
> (ii) fails to state a claim on which relief may be granted; or
> 
> (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges,

or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

Statement of Facts
Timeliness

The plaintiff alleges that the Department of Justice has erroneously listed him on their website as a violent sexual predator. He claims that in his 1990 case, the judge never

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

3

pronounced the plaintiff guilty of sexual battery of a minor, nor did any other judge. He was charged with sexual battery and one count of false imprisonment. The plaintiff claims the website was first shown to him in 1997 (DE#1 p5).

State Law governs the limitations period in §1983 cases, and "§1983 claims are best characterized as personal injury actions." Wilson v. Garcia, 471 U.S. 261, 280 (1985). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering §1983 claims should borrow the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 249-50 (1989). Florida law provides multiple statutes of limitations for personal injury actions, and a residual limitations period of four years. Fla. Stat. §95.11(3)(p); Baker v. Gulf & W. Indus., 850 F.2d 1480, 1481-83 (11 Cir. 1988). The method for determining the date when a cause of action accrued for purposes of the statute of limitations in §1983 cases when he knows or has reason to know of his injury and who has inflicted it. Kelly, 87 F.3d at 1238-39; Mullinax v. McElhenney, 817 F.2d 711, 716 (11 Cir. 1987).

The uniform rule in computing time periods is that the first day of the period is excluded from the computation, and the last day is included. McMillen v. Hamilton, 48 So.2d 162 (Fla. 1950); Fla.R.Civ.P. 1.090(a). The plaintiff's cause of action accrued in 1997, when he first became aware of his allegedly erroneous listing on the website. The plaintiff did not file this complaint until fourteen years later, in 2011. This complaint is therefore barred by the Statute of limitations.

This complaint should be dismissed because the plaintiff filed the action beyond the applicable statute of limitations. A district

4

court may <u>sua sponte</u> dismiss a <u>pro se</u> civil rights action for failure to state a claim pursuant to 28 U.S.C. §1915(e) on grounds that the face of the complaint clearly establishes that it is barred by the applicable statute of limitations. See <u>Pino v. Ryan</u>, 49 F.3d 51 (2 Cir. 1995). The plaintiff's claims of a erroneous placement as a sexual offender on the website of the Department of Justice, beginning in 1997, over fourteen years ago, will be considered as time barred.

## III. <u>Recommendation</u>

For the above reasons, it is recommended as follows:

1. This complaint (DE#1) be dismissed as barred by the statute of limitations.

2. This case shall be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 7th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Bishop Waymon, <u>Pro Se</u>
    Dade County Jail
    Address of record